**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**DANNY R. BUSH,**<br><br>Defendant | NO. 3: 08-CR-12 (CAR)<br><br>**VIOLATIONS:** Counterfeit Securities Related |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. John Fox of the Macon Bar; the United States was represented by Assistant U. S. Attorney George Christian. Based upon the evidence proffered to the court by counsel for the government and counsel for the defendant, as well as the contents of the Pretrial Services Report dated March 9, 2009, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated March 9, 2009, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure future appearance of the defendant and the safety of the community were defendant Bush to be released from custody at this time. The offenses charged against him are serious felonies for which incarceration can be expected if he is convicted. His estimated federal sentencing guideline range computed by the U. S. Probation Office is 30 months to 37 months to be served in prison.

The defendant possesses a criminal arrest and conviction record going back to 1995 which includes numerous *misdemeanor* arrests and allegations of probation violations. In addition, he has a 2002 conviction in the Superior Court of Athens-Clarke County, Georgia for the offense of FORGERY for which a probation violation warrant is outstanding based on his failure to report since February of 2008. The defendant's record includes numerous instances of probation revocations. Importantly, defendant Bush is on supervised release in the District of South Carolina on a conviction for UTTERING COUNTERFEIT BUSINESS CHECKS, an offense strikingly similar to the offenses charged in the indictment herein.

The District of South Carolina has issued a warrant for the defendant's arrest based upon his alleged violations of conditions of supervised release; the defendant absconded from supervision in that case, having failed to report to his supervising probation officer since March 5, 2008.

For the foregoing reasons, the undersigned finds that defendant Bush would pose a serious risk of flight and a serious danger to the community were he to be released from custody. He has exhibited a pattern of violations of the law by continuing to engage in the same type of illegal activity for which he is already on supervised release. He is not a good candidate for pretrial supervision. Pretrial detention is thus mandated. IT IS SO ORDERED AND DIRECTED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 11th day of MARCH, 2009.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE